UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DETROIT REHABILITATION INITIATIVES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03604-JPH-DML |
| | ) | |
| FEDERAL HOME LOAN BANK OF INDIANAPOLIS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO REMAND

Detroit Rehabilitation Initiatives, LLC ("DRI") sued Federal Home Loan Bank of Indianapolis ("FHLBI") in state court after FHLBI allegedly breached their agreements[1] and rescinded DRI's membership in the Federal Home Loan Bank system. FHLBI removed the case to federal court, alleging federal-question jurisdiction under 28 U.S.C. § 1331. Dkt. 1 ¶ 19. Before addressing the merits of DRI's motion for a temporary restraining order, dkt. 9, the Court directed the parties to brief the issue of jurisdiction, dkt. 18. In response, DRI filed a motion to remand, dkt. [24], which FHLBI opposed, dkt. 30. For the reasons stated below, that motion is **GRANTED** and the case is **REMANDED** to Marion County Superior Court.

---

[1] The relevant agreements are the Affiliate Collateral Pledge and Security Agreement, the Affiliate Representation and Warranty Agreement Regarding Collateral, and the Letter of Understanding-Advances, Pledge and Security Agreement (the "Agreements"). *See* dkt. 1-3.

I.

Because federal courts are of limited jurisdiction, "district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Congress granted federal courts a statutory basis for jurisdiction over two types of cases: cases arising under federal law and cases where the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties. 28 U.S.C. §§ 1331, 1332(a). "These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." *Home Depot*, 139 S. Ct. at 1746.

When evaluating federal-question jurisdiction, courts use the "well-pleaded complaint rule," which states that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Citadel Sec., LLC v. Chi. Bd. Options Exch., Inc.*, 808 F.3d 694, 701 (7th Cir. 2015) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Under this rule, the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392.

When a case is removed to federal court, jurisdiction is determined "by looking at the complaint as it existed at the time the petition for removal was filed." *United Farm Bureau Mut. Ins. Co. v. Metropolitan Human Relations Comm'n*, 24 F.3d 1008, 1014 (7th Cir. 1994). Jurisdiction, therefore, is based on whether the court had jurisdiction "on the day the suit was removed." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

## II.

Here, the operative complaint at the time of removal was the First Amended Complaint. Dkt. 1-3. Nevertheless, FHLBI contends that the Court may consider the Second Amended Complaint in evaluating whether there is federal-question jurisdiction. Dkt. 30 at 6-7 (citing *Bernstein v. Lind-Waldock & Co.*, 738 F.2d 179, 181 (7th Cir. 1984)). But having identified the potential jurisdictional defect, the Court did not rule on DRI's motion for leave to file the Second Amended Complaint. That distinguishes this case from *Bernstein* where the Seventh Circuit considered the amended complaint, which was the operative complaint, when determining jurisdiction. Indeed, the court in *Bernstein* held that if the original complaint had remained the operative complaint on appeal, the court would have remanded the case. *Id.* at 185. The Second Amended Complaint is not the operative complaint here, so the Court considers the First Amended Complaint when assessing whether there is federal jurisdiction.

## III.

The First Amended Complaint sets forth the basis for jurisdiction and venue in the Marion County Superior Court under the Indiana Rules of Trial Procedure and makes no reference to federal law or federal jurisdiction. Dkt. 1-3 ¶¶ 7-8. The sole cause of action alleged is breach of contract, specifically, that FHLBI breached the Agreements when it rescinded DRI's membership and terminated the Agreements. *Id.* ¶¶ 27, 31-37.

Nevertheless, FHLBI argues that the Court has federal-question jurisdiction because its membership criteria is based on federal regulations. Dkt. 1 ¶ 19. FHLBI claims that this case therefore "presents one of the rare instances when federal-question jurisdiction exists over a complaint asserting only state-law causes of action." Dkt. 1 ¶ 17 (quoting *Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 464 (7th Cir. 2015)).

While a court may have federal-question jurisdiction over "state-law claims that implicate significant federal issues," *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), that is the exception to the rule and does not apply here. DRI alleges that FHLBI is liable for breach of contract because it terminated the Agreements and rescinded DRI's membership. Dkt. 1-3 ¶¶ 27, 31-37. FHLBI claims that it "misinterpreted federal membership regulations" when it admitted DRI as a member. Dkt. 14 at 1. FHLBI further claims that it rescinded DRI's membership and terminated the Agreements because DRI "failed to meet the . . . regulatory membership requirements at the time of application." *Id.* at 7. But the federal regulations are raised only by FHLBI in response to DRI's allegations, in other words, as a defense.

"A case may not be removed on the basis of a federal defense." *Citadel*, 808 F.3d at 701; *Jackson Cty. Bank v. DuSablon*, 915 F.3d 422, 424 (7th Cir. 2019) ("The complaint is based entirely on state law and any potential federal defense cannot form the basis for removal."). Furthermore, this case does not fall under the *Grable* exception because "*Grable* does not alter the rule that a

potential federal defense is not enough to create federal jurisdiction under § 1331." *Chi. Tribune Co. v. Bd. of Trustees of Univ. of Ill.*, 680 F.3d 1001, 1003 (7th Cir. 2012).

FHLBI argues that the federal regulations are not a federal defense but form "the crux of this case." Dkt. 30 at 12 (citing dkt. 27 at 2). But regardless of FHLBI's characterization of the regulations, it is "settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393.

The only case cited by FHLBI in support of its position—*Evergreen*—does not alter this fundamental rule or change the outcome here. In *Evergreen*, the plaintiff alleged that the defendants breached their contract because they failed to increase payments "as required by federal law." 776 F.3d at 465. Here, DRI has not alleged that federal law requires FHLBI to take any action, nor does DRI invoke federal regulations in support of the First Amended Complaint.

The facts presented here are similar to those presented in *City of Chicago v. Comcast Cable Holdings, L.L.C.*, 384 F.3d 901, 902 (7th Cir. 2004). There, TV operators signed contracts with the city of Chicago in which they agreed to give Chicago a portion of their revenue. These contracts recognized that the payments were "subject to any limits imposed by federal law." *Id.* at 904. After a federal law was enacted that restricted these payments, the TV operators stopped submitting payment because they believed the payments were

prohibited by the new federal law. *Id.* at 903. Chicago then sued the TV operators, seeking compliance with the contracts and a declaratory judgment that they resume payments. *Id.* The TV operators removed the case, and on appeal, the Seventh Circuit held that the case must be remanded for lack of subject-matter jurisdiction. *Id.* at 905. Central to the court's holding was that the federal law requiring interpretation was raised as a "federal defense" and therefore did not supply jurisdiction. *Id.* at 904 (stating "[t]hat the federal defense will be the only contested issue does not matter."). The same analysis applies here and the Court does not need to address the *Grable* factors.

IV.

Finding that the First Amended Complaint is the operative complaint and does not supply federal jurisdiction, the Court **GRANTS** DRI's motion to remand and **REMANDS** this case to the Marion County Superior Court. Dkt. [24]. The motion for a temporary restraining order is **DENIED for lack of jurisdiction**. Dkt. [9]. The motion for leave to file a Second Amended Complaint is **DENIED as moot**. Dkt. [8]. DRI's request for attorney fees and costs is **DENIED** because FHLBI did not lack an "objectively reasonable basis" for seeking removal. *See Jackson*, 915 F.3d at 424.

**SO ORDERED.**

Date: 9/18/2019

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Christopher J. Braun
PLEWS SHADLEY RACHER & BRAUN LLP
cbraun@psrb.com

Beth A. Bryan
TAFT STETTINIUS & HOLLISTER LLP
bryan@taftlaw.com

Vivek Randle Hadley
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
vhadley@taftlaw.com

Richard A. Kempf
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
rkempf@taftlaw.com

Christopher Edward Kozak
PLEWS SHADLEY RACHER & BRAUN LLP
ckozak@psrb.com

Joanne Rouse Sommers
PLEWS SHADLEY RACHER & BRAUN LLP
jsommers@psrb.com

Alex E. Wallin
TAFT STETTINIUS & HOLLISTER LLP (Cincinnati)
awallin@taftlaw.com